UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PERO CIBILIC                                          CIVIL ACTION

VERSUS                                                NO: 15-995

BP EXPLORATION & PRODUCTION ET AL.                    SECTION: "H"

ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment (Doc. 30). For the following reasons, the Motion is GRANTED.

BACKGROUND

Plaintiff Pero Cibilic is an oyster fisherman who aided in the oil spill cleanup in the aftermath of BP's Deepwater Horizon oil spill in 2010. In 2014, Plaintiff was diagnosed with lung cancer, and he brought this action against BP Exploration & Production Inc. and BP America Production Company (collectively, "BP") alleging that his lung cancer resulted from exposure to oil and dispersants while working in the spill response.

This case is a Back-End Litigation Option case pursuant to the Deepwater Horizon Medical Benefits Class Action Settlement ("Medical

1

Settlement") reached in the multi-district litigation of *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010.* The Medical Settlement provides a process for class members to sue BP for physical conditions that manifested after April 2012. Plaintiff has brought claims for negligence, gross negligence, negligence per se, and punitive damages under general maritime law.

Defendants have filed the instant Motion for Summary Judgment alleging that Plaintiff cannot prove causation. Plaintiff has not filed an opposition to this Motion. The Court may not, however, simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[1] Accordingly, this Court has considered the merits of the Defendants' Motion.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

---

[1] *See, e.g., Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.,* 702 F.3d 794, 806 (5th Cir. 2012); *Johnson v. Pettiford,* 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.),* 757 F.2d 698, 709 (5th Cir.1985).

[2] Fed. R. Civ. P. 56(c) (2012).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

---

[4] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 532 (5th Cir. 1997).
[5] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).
[7] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[8] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[9] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

Pursuant to the Medical Settlement, a class member "who did not opt out of the agreement surrendered their rights to sue BP for medical conditions related to the oil spill in return for defined compensation benefits. One exception, however, allows class members who did not opt out of the Medical Benefits Settlement to bring suit against BP for 'Later-Manifested Physical Conditions' ('LMPCs')."[10] Suits seeking recovery for LMPCs are referred to as Back-End Litigation Options ("BELO") suits. The Medical Settlement sets out certain factors that a class member must prove to succeed on his BELO claim and others which need not be proven. For example, a class member does not have to prove BP's fault for his LMPC or that he was exposed to oil and dispersants. However, the Medical Settlement does not dispense of a class member's obligation to prove causation. Indeed, the Medical Settlement expressly provides that the issue of whether the class member's LMPC "was legally caused by his or her exposure to oil, other hydrocarbons, and other substances" may be litigated at trial. In addition, BP may challenge whether there exists any alternative causes of the class member's LMPC. Accordingly, Defendants argue that Plaintiff cannot prove causation.

"Under the general maritime law, a party's negligence is actionable only if it is a 'legal cause' of the plaintiff's injuries. [L]egal cause is something more than 'but for' causation, and the negligence must be a 'substantial factor' in the injury."[11] Here, Defendants argue that Plaintiff cannot show that his exposure

---

[10] *Piacun v. BP Expl. & Prod., Inc.*, No. 15-2963, 2016 WL 7187946, at *3 (E.D. La. Dec. 12, 2016).

[11] *Donaghey v. Ocean Drilling & Expl. Co.*, 974 F.2d 646, 649 (5th Cir. 1992) (internal quotations omitted).

4

to oil and dispersants caused his lung cancer because he has not retained an expert to testify to such. In general, "when the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required to prove causation."[12] Certainly, the causal link between exposure to oil and dispersants and lung cancer is not within the layperson's common knowledge. "In a toxic tort suit such as this one, the plaintiff must present admissible expert testimony to establish general causation as well as specific causation."[13]

Plaintiff has not disclosed the name of any expert from which he intends to elicit an opinion on causation. In addition, Plaintiff has failed to oppose this motion and put forth any evidence that he may have of causation. Accordingly, Plaintiff cannot succeed on a crucial element of his claims against Defendants, and his claims must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 20th day of March, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[12] *Lassiegne v. Taco Bell Corp.*, 202 F. Supp. 2d 512, 524 (E.D. La. 2002); *see Pfiffner v. Correa*, 643 So. 2d 1228, 1234 (La. 1994).

[13] *Seaman v. Seacor Marine LLC*, 564 F. Supp. 2d 598, 600 (E.D. La. 2008), aff'd sub nom. *Seaman v. Seacor Marine L.L.C.*, 326 F. App'x 721 (5th Cir. 2009).